# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 53320

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ALBERT RADMACHER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: July 7, 2026

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; LORELLO, Judge;
and MELANSON, Judge Pro Tem

---

PER CURIAM

    Albert Radmacher pled guilty to two counts of possession of sexually exploitative material. I.C. § 18-1507(2)(a). In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Radmacher to concurrent unified terms of ten years, with minimum periods of confinement of five years, but after a period of retained jurisdiction, suspended the sentence and placed Radmacher on probation. Subsequently, Radmacher admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentences. Radmacher appeals, contending that the district court abused its discretion in revoking probation.

1

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation. Therefore, the order revoking probation and directing execution of Radmacher's previously suspended sentences is affirmed.